UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CENCERAÉ MONICA BROOKS** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **20-524-JWD-EWD** |
| **COMMISSIONER OF SOCIAL SECURITY** | |

**RULING AND ORDER**

Plaintiff Cenceraé Monica Brooks ("Plaintiff"), who is representing herself and who is proceeding *in forma pauperis*,[1] has failed to prosecute her social security disability appeal. Therefore, this action shall be dismissed without prejudice on the Court's own motion under Fed. F. Civ. P. 41(b).

**I.  Background**

On August 13, 2020, Plaintiff filed her Complaint, on a form document, against the Commissioner of Social Security.[2]  The Complaint provides no details of Plaintiff's claims, but attached to it is the June 4, 2020 Notice of Appeals Council Action to Plaintiff, denying review of the February 13, 2020 decision of an Administrate Law Judge.[3] Plaintiff seeks judicial review of the denial of her application for Social Security benefits.

On August 17, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis* and ordered the Clerk of Court to issues summonses to the Commissioner of Social Security, the office of the U.S. Attorney for the Middle District of Louisiana ("USAO"), and the Attorney General for the United States ("USAG").  Plaintiff was ordered to complete a U.S. Marshal Form

---

[1] R. Docs. 2, 3.
[2] R. Doc. 1.
[3] R. Doc. 1-1, p. 1.

285 for each of them so that the U.S. Marshal Service ("USMS") could serve the summonses.[4] Summonses were issued that same day, and the Court issued a scheduling order.[5] By August 23, 2022, because there was no service information in the record, Plaintiff was ordered to either appear and show cause for her failure to complete the Form 285s as ordered so that the summonses could be served by the USMS, or to provide the completed Form 285s.[6] Plaintiff signed the Form 285s on September 7, 2022, and the summonses were returned executed later in September 2022, establishing that service was made on the Commissioner, the USAO and the USAG.[7]

On December 27, 2022, the Commissioner filed the transcript of the administrative record into the docket and sent a copy to Plaintiff, as ordered, which triggered the deadline for the Plaintiff to file her brief supporting the appeal.[8] Plaintiff's appeal brief was due sixty days after the filing of the record, or by February 27, 2023.[9] Because Plaintiff did not timely file her brief, on April 12, 2023, Plaintiff was ordered to either show cause on May 11, 2023 for her failure to file her brief, or file her brief on or before May 4, 2023.[10] This order was sent to Plaintiff via certified mail to her address of record.[11] Plaintiff did not respond to the April 12, 2023 Order; however, delivery could not be confirmed based on the tracking information for the certified mail.[12] Therefore, on May 15, 2023, Plaintiff was again ordered to either file her brief or file a motion for voluntary dismissal on or before June 2, 2023. This time, the May 15, 2023 Order, as well as the Court's

---

[4] R. Doc. 3.
[5] R. Docs. 4-5. The Notice of Electronic Filing for the Scheduling Order generated by the Court's CM/ECF system reflects that a copy of the Scheduling Order was sent to Plaintiff at her address of record.
[6] R. Doc. 6.
[7] R. Docs. 7-9.
[8] R. Doc. 5 and R. Doc. 10, *see* p. 1.
[9] R. Doc. 5.
[10] R. Doc. 11.
[11] Plaintiff was also advised that she could voluntarily dismiss her case by filing a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).
[12] R. Doc. 12. The information on usps.com states "Your package is moving within the USPS network and is on track to be delivered to its final destination. It is currently in transit to the next facility." There is no update after April 17, 2023. https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=7020%200640%200001%204750%206637 (last checked 6/12/2023).

Scheduling Order and the April 12, 2023 Show Cause Order, were sent to Plaintiff by both regular and certified mail.[13] The April 12, 2023 Show Cause Order and the May 15, 2023 Order both specifically state: "**Failure to timely comply with this Order may result in dismissal of Plaintiff's claims in this matter without further notice.**"[14] To date, Plaintiff has not complied with the Orders or sought an extension of time to comply.

**II.    Law and Analysis**

Fed. R. Civ. P. 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[15] Additionally, Local Civil Rule 41(b) provides:

> (b) Dismissal for Failure to Prosecute.
>
> (1) A civil action may be dismissed by the Court for lack of prosecution as follows:
> …
> (C) Where a cause has been pending six months without proceedings being taken within such period. This provision shall not apply if the cause is awaiting action by the Court.
>
> (2) Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action….

---

[13] R. Doc. 12.
[14] R. Docs. 11-12.
[15] *See Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss *sua sponte,* with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Social Security appellants are required to set forth their grounds for appeal in the briefs required by the Court's scheduling order.[16] Plaintiff's failure to submit a brief is a failure to follow Court orders and to prosecute this action, which has been pending for over two and half years.[17] Plaintiff has not filed anything into the record or otherwise taken any action to advance her case since the filing of the Form 285s that she completed on September 7, 2022, over six months ago.[18] Furthermore, more than fourteen days have passed since the mailing of the Court's May 15, 2023 Order to Plaintiff giving her notice as required by Local Civil Rule 41(b)(2). Plaintiff has not responded or asked for more time to act.[19]

### III. Conclusion

As Plaintiff has failed to submit her appeal brief and prosecute her claims as required by the Court's Scheduling Order, and as she has been warned that failure to do so might result in dismissal of her claims, dismissal without prejudice is appropriate in this case.[20]

Accordingly,

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 41(b) and Local Civil Rule 41(b)(1)(C), all claims of Plaintiff Cenceraé Monica Brooks are **DISMISSED WITHOUT PREJUDICE** and this matter is **TERMINATED** due to Plaintiff's failure to prosecute her case and failure to follow court orders, including failure to file her appeal brief in support of her Social Security disability appeal.

---

[16] *Arceneaux v. Comm'r, Soc. Sec. Admin.,* No. 07-1341, 2008 WL 2676819, at *1 (W.D. La. June 5, 2008).
[17] R. Docs. 1, 5, 11, and 12.
[18] R. Docs. 7-9 (completed Form 285s).
[19] Plaintiff has also not filed a notice of change of address and there is no indication in the record that mail to Plaintiff has been returned.
[20] *See James v. Soc. Sec. Admin.,* No. 19-265, 2020 WL 4253210, at *1-2 (S.D. Miss. July 24, 2020) (dismissal without prejudice of Social Security disability appeal due to the plaintiff's failure to file her brief, despite notice and orders to show cause) and *Arceneaux*, 2008 WL 2676819 at *1-2 (recommending dismissal of Social Security appeal due to the plaintiff's failure to file her appeal brief) and *see id.*, No. 07-1341 (W.D. La. July 2, 2008) at R. Doc. 13 (order adopting report and recommendation).

      **IT IS FURTHER ORDERED** that, pursuant to Local Civil Rule 41(b)(3), the dismissal be **WITHOUT PREJUDICE** to Plaintiff's right to seek reinstatement of this action within thirty days upon a showing by Plaintiff of good cause.

      **IT IS FURTHER ORDERED** that the Clerk of Court shall serve this order on Ceneraé Monica Brooks via regular and certified mail, return receipt requested, at her address listed on PACER, 3059 Brady St., Baton Rouge, LA 70805.

      Signed in Baton Rouge, Louisiana, on <u>June 13, 2023</u>.

      **JUDGE JOHN W. deGRAVELLES**
      **UNITED STATES DISTRICT COURT**
      **MIDDLE DISTRICT OF LOUISIANA**